IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| ANDREA D. TESTI,<br><br>        Plaintiff,<br><br>vs.<br><br>SOUTH DAVIS COMMUNITY HOSPITAL,<br><br>        Defendant. | **ORDER GRANTING MOTION TO COMPEL DISCOVERY**<br><br>Case No.  1:05CV81<br><br>Judge Ted Stewart<br><br>Magistrate Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).  Before the Court is Defendant South Davis Community Hospital's ("SDCH") Motion to Compel Discovery.  The motion is ripe for disposition because the time has passed for Plaintiff Andrea D. Testi ("Plaintiff") to file an opposition.  Pursuant to Local Rule 7-1(b)(3), a party has 15 days after being served with a motion to file any opposition.  Failure to timely respond to a motion "may result in the court's granting the motion without further notice."  DUCivR 7-1(d).

Plaintiff brought this employment discrimination case against SDCH in which Plaintiff alleges that she was harassed by a co-worker on the basis of her sex.  SDCH propounded various discovery requests on Plaintiff in October 2005, to which Plaintiff has failed to respond.  Plaintiff's counsel now has withdrawn from this matter, and Plaintiff still has not produced any

responses despite SDCH's attempted requests for her to do so. Plaintiff filed the instant action and pursuant to the Federal Rules has a duty to provide discovery and to prosecute the case. *See* Fed. R. Civ. P. 26. Failing to prosecute a case, or to cooperate with discovery requests can be grounds for sanctions including the dismissal of a case. *See Reed v. Bennett*, 312 F.2d 1190, 1195 (10th Cir. 2002) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for filing to comply with local or federal procedural rules.").

Accordingly, the Court GRANTS SDCH's Motion to Compel [docket #14] and orders that Plaintiff respond to SDCH's First Set of Interrogatories and Requests for Production of Documents by May 5, 2006. If Plaintiff fails to respond by this date, the Court may issue an order to show cause why Plaintiff's Complaint should not be dismissed with prejudice. SDCH also requests costs and attorneys' fees associated with this motion pursuant to Federal Rule of Civil Procedure 37(a)(4)(A). The Court, however, declines to sanction Plaintiff at this time.

DATED this 17th day of April, 2006.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge